PIERCE, Judge.
Appellant Frank Lindsey appeals to this Court from a judgment of conviction entered against him in the Highlands County Circuit Court after an adverse jury verdict.
Only two points are raised in this Court: (1) an alleged fatal defect in the information upon which Lindsey was tried and convicted, and (2) failure of the trial Judge to specifically charge the jurors that they could return a verdict of “not guilty”. In the light of the record filed here, both points lack reversible merit. We will briefly discuss these points seriatim.
(1) Alleged Defect in the Information.
The information alleged that Lindsey, together with two other named defendants, “did unlawfully and feloniously break and enter the Highlands Coca Cola Bottling Company located at 207 Tulane Circle, City of Avon Park, Florida, property of Highlands Coca Cola Bottling Company, with intent to commit a---therein,”. It is contended that the information, because of a blank space immediately following the words “to commit a”, did not “charge him with a commission of a criminal offense”. There might be substance to such contention, were it not for the fact that the quoted language of the information, supra, is immediately followed by the language: “to-wit: the * * * goods and property * * * of the value of more than One Hundred Dollars * * * the property of the said Highlands Coca Cola Bottling Company, in said building * * * unlawfully and feloniously to take, steal and carry away.” This latter language saves the information from being a void accusation. The information, even with the noted omission, still charges that Lindsey and the other two defendants did “unlawfully and feloniously break and enter” the identified building in Avon Park “with intent to” “take, steal and carry away” “money, goods and property” “of the value of more than One Hundred Dollars” belonging to “Highlands Coca Cola Bottling Company”. This sufficiently charges the offense of larceny, and the alleged amount stolen being more than One Hundred Dollars classifies the offense as grand larceny. Lindsey could not have been misled or uninformed by the language used in the information.
The information at no time was attacked during trial as being insufficient, either by motion to quash or otherwise. After trial, it could have been successfully attacked only on the ground it was completely void, and the analysis hereinbefore made shows it was not so susceptible.
(2) Failure of the Court to charge in so many words that the jury could bring in a “Not Guilty” verdict.
*691 This point is likewise without merit. The Court charged the jurors that they could return a verdict of guilty of breaking and entering with intent to commit a felony as alleged in the information, or guilty of three lesser offenses which were clearly defined as being necessarily included in the stated offense. The trial Judge then charged: “So you have five forms of verdicts and you of course will consider each one. Of course you will return only one verdict out of the five." (Emphasis supplied).
The jury retired with all five forms of verdicts, four of which were for various degrees of guilt, each properly defined. It stands to reason that the fifth form of verdict was not guilty. The jury gave no indication of being misled, counsel for Lindsey was apparently not misled, and counsel effectually waived the point by making no objection to the Court’s charge, either of commission or omission. Raising the matter for the first time in this appellate Court is “too late with too little”.
Affirmed.
LILES, Acting C. J., and MANN, J., concur.